IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 27, 2010 at Knoxville

**ERIC DAVIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2005-C-2271     Seth Norman, Judge**

_____

**No. M2009-01560-CCA-R3-PC - Filed November 18, 2010**

_____

The Petitioner, Eric Davis, appeals as of right from the Davidson County Criminal Court's denial of his petition for post-conviction relief. The Petitioner pled guilty to possession with intent to sell 300 grams or more of cocaine, a Class A felony, and received a sentence of 15 years to be served consecutively to prior sentences. The Petitioner challenges the performance of trial counsel and the voluntariness of his guilty plea. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Fikisha Swader, Nashville, Tennessee, attorney for appellant, Eric Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulaney Faughn, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The Petitioner was charged with possession with intent to deliver over 26 grams of cocaine, a Class B felony; possession with intent to sell or deliver 300 grams or more of cocaine, a Class A felony; and two counts of conspiracy to sell or deliver 300 grams or more of cocaine, a Class A felony. The Petitioner pled guilty to possession with intent to sell or deliver 300 grams or more of cocaine, a Class A felony, and the trial court sentenced the Petitioner as a Range I, standard offender to 15 years. Upon its acceptance of the plea agreement, the trial court dismissed all of the other counts. The trial court ordered the 15-

year sentence to be served concurrently with a 15-year sentence that the Petitioner received in Wilson County but consecutively to sentences received in Dickson and Montgomery Counties.

At the Petitioner's April 11, 2007 guilty plea submission hearing, the State summarized the proof that it would have presented had the Petitioner's case gone to trial:

> On November 13th, police intercepted telephone conversations relating to a proposed delivery by co-defendant, Jerry Smith, and co-defendant Johnetta [Smith]. They agreed to deliver a kilogram of cocaine to the [Petitioner] at the Mcdonald's restaurant located at 3300 Dickerson Pike. The police surveillance observed [the co-defendants] go to that location and make the delivery with the [Petitioner].
>
> Following discussions on the telephone that were intercepted, [the Petitioner] complained that the kilogram was 18 grams short. Further police surveillance and interception of telephone calls revealed that on November 15th, 2004 co-defendant, [Jerry Smith], went to Lebanon . . . to see the [Petitioner], where he received $22,000 from him for the kilogram of cocaine that was fronted.

At the guilty plea submission hearing, the Petitioner did not indicate that he was unhappy with trial counsel or that he did not wish to plead guilty. On the contrary, he answered all of the trial court's questions and admitted that the facts, as stated by the Assistant District Attorney, were "basically true and correct." The Petitioner timely filed a petition for post-conviction relief in which he claimed that trial counsel was ineffective and that he did not voluntarily plead guilty.

The proof at the evidentiary hearing consisted solely of the testimony of the Petitioner and trial counsel. The Petitioner testified that when counsel was appointed to represent him, he was facing felony charges in both Wilson and Davidson Counties based upon the same transactions. He admitted that he was charged with different crimes in each county but stated that each county was using the same evidence. He testified that he only met with trial counsel twice when he was in incarcerated and that he only spent approximately one hour discussing his case with trial counsel.

The Petitioner stated that trial counsel did not review the nature of the charges in Davidson County with him or show him any of the documents relating to those charges. He

stated that trial counsel never discussed trial strategy or any possible defenses that he may have had in his case. He stated that trial counsel did not investigate his case or identify any potential witnesses. He stated that he accepted the 15-year plea agreement for the charges in Davidson County because he had already accepted a similar 15-year plea agreement in Wilson County. The Petitioner testified that after he pled guilty, he realized that the trial court probably did not have jurisdiction in Davidson County and that the State did not have any evidence that he possessed the cocaine in Davidson County.

He stated that he remembered asking trial counsel how the State could convict him of possession in Davidson County when he did not possess any drugs in Davidson County. He asked trial counsel if he could file a motion, but he did not believe that trial counsel ever filed any motions on his behalf. He asked trial counsel to review the recordings from the wiretaps in his case, but trial counsel never discussed the recordings with him. He admitted that trial counsel explained the charges against him and the possible sentence he might receive. He noted that when he pled guilty, he received a 15-year sentence, the minimum amount of time that he would have had to serve if he were convicted.

The Petitioner stated that if he had realized that he had a possible jurisdictional defense, he would have asked counsel to file a motion to challenge the trial court's jurisdiction. He also stated that if he realized that the trial court may have granted a motion to suppress the wiretaps in his case, he would have also asked counsel to file a motion to suppress the wiretaps. He further stated that he did not understand that he had possible viable defenses because trial counsel never discussed these possibilities with him.

On cross-examination, the Petitioner admitted that as a result of his decision to plead guilty, the trial court ordered his conviction in Davidson County to be served concurrently with his conviction in Wilson county. The Petitioner admitted that he had three prior felony convictions and that he would have been sentenced as a Range II offender if he had gone to trial and been convicted. The Petitioner also admitted that he was on parole when he pled guilty to the charges in Davidson County.

On re-direct examination, the Petitioner stated that he pled guilty to the charges in Wilson County because the State promised they would drop the charges against his girlfriend. He stated that he discussed the State's offer in Wilson County with trial counsel but that trial counsel never investigated whether his cooperation in Wilson County would be helpful for his case in Davidson County. He stated that after he pled guilty in Wilson and Davidson Counties, he learned that the State was never intending to convict his girlfriend. He stated that he pled guilty in Davidson County because he believed that everything in Wilson County was related to his case in Davidson County. He stated that trial counsel never told him that he had any other options for his case in Davidson County.

-3-

Trial counsel testified that the Petitioner was notified that he would be sentenced as a multiple offender and would receive enhanced punishment if he went to trial. Trial counsel stated that the case in Davidson County was related to the Petitioner's case in Wilson County because the investigation in Wilson County "lead [sic] to the issuance of a number of warrants which allowed wiretaps of both [the Petitioner's] and a number of co-defendants' cell phones." He stated that there were "many, many hours of cell phone conversations which were transcribed." He stated that he reviewed and discussed the transcripts and everything he was given through the discovery process with the Petitioner. He admitted that a lot of the evidence for the charges in Wilson County was the same evidence that was used for the charges in Davidson County, but he stated that he was not concerned with the venue because "there was evidence that he was [in Davidson County] as well as [in Wilson County]." He even discussed the Petitioner's case with the Petitioner's attorney in Wilson County.

Relative to the plea agreement in Davidson County, trial counsel stated that the Petitioner did not receive any additional time as a result of his decision to plead guilty. He admitted that he did not really establish a defense in the Petitioner's case but stated that the only potential defense the Petitioner had was to attack the recordings. Trial counsel stated that he believed the "proof was the strongest on the conspiracy counts because of all of the numerous conversations that were recorded" and that he did not believe that the trial court would have granted a motion to suppress the recordings. He believed that the 15-year plea agreement was a good offer, given the evidence against the Petitioner and the fact that the Petitioner was on parole and had several prior similar offenses. He stated that he was prepared to proceed with a trial if the Petitioner chose to go to trial.

On cross-examination, trial counsel stated that he spoke with the Petitioner for approximately 10 to 15 hours and that he visited the Petitioner two or three times. He said that he filed motions for discovery in the Petitioner's case, spoke with the detectives, and evaluated the warrants and the recordings. He believed that the warrants appeared to be facially valid but admitted that he did not file a motion to suppress the recordings. He stated that he would have filed a motion if the case had gone to trial and that he waited to file the motion because he did not want the State to remove their 15-year offer. He stated that he discussed these options with the Petitioner and that the Petitioner "seemed satisfied with the plea bargain." He did not recall any issues with the trial court's jurisdiction in the Petitioner's case because he believed that the wiretaps proved that the exchange occurred in Davidson County. He admitted that the recordings did not conclusively prove the Petitioner actually had possession of the drugs in Davidson County but stated that the evidence in support of the conspiracy charge was sound. He did not recall whether the Petitioner pled guilty in Wilson County in order to prevent the State from proceeding with a case against the Petitioner's girlfriend.

-4-

Following the evidentiary hearing, the post-conviction court credited the testimony of trial counsel over that of the Petitioner and noted that the Petitioner was "a convicted felon with an extensive criminal history, while counsel [was] an experienced, well-respected member of the legal community." The post-conviction court also noted that trial counsel rendered "sound and prudent" advice to the Petitioner. In denying the petition for post-conviction relief, the post-conviction court found that the Petitioner failed to prove that trial counsel was deficient or that he was prejudiced by any alleged deficiencies.

## ANALYSIS

The Petitioner contends that trial counsel was ineffective because he failed to challenge the trial court's jurisdiction in the Petitioner's case. The Petitioner further contends that the Petitioner pled guilty because he was not informed of the potential defenses available to him. The State responds that the trial court had valid jurisdiction in the Petitioner's case. The State further responds that trial counsel was not deficient and that trial counsel investigated the Petitioner's case. The State also notes that given the Petitioner's criminal history and the fact that he was on parole when he committed the offenses in Davidson County, the Petitioner cannot establish that he would have insisted on going to trial because he would have received "extremely long sentences" had he been convicted.

The burden in a post-conviction proceeding is on the petitioner to prove the factual allegation to support his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); See Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). If the petitioner proves his grounds by clear and convincing evidence, the trial court must then determine whether trial counsel was ineffective according to Strickland v. Washington, 466 U.S. 668, 687 (1984). Dellinger, 279 S.W.3d at 293-94. On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). Failure to satisfy either prong results in the denial of relief. Strickland, 466 U.S. at 697. In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that "there is a reasonable probability"

that but for the substandard performance, "the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In the context of a guilty plea as in this case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

Relative to the Petitioner's assertion that trial counsel should have questioned the trial court's jurisdiction, trial counsel stated that the proof established that the Petitioner committed criminal acts in Davidson County as well as in Wilson County. Following our review of the factual basis of the Petitioner's guilty plea submission hearing, we believe that the State established that the crime the Petitioner pled guilty to occurred in Davidson County; therefore, venue rested with the Davidson County Criminal Court. See Tenn. Const. Art. I § 9 (stating that an accused must be tried by "an impartial jury of the County in which the crime shall have been committed"); see also Tenn. Code Ann. § 40-1-108 (providing that "[t]he circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal"). Accordingly, we conclude that the post-conviction court did not err in finding that the Petitioner failed to establish that trial counsel was deficient in this regard and that the Petitioner failed to establish that but for trial counsel's alleged deficiency, he would have insisted on going to trial.

Relative to the Petitioner's assertion that the Petitioner pled guilty without knowledge of his available defenses, trial counsel stated that he reviewed the discovery provided in the Petitioner's case and that he did not believe that the Petitioner had any viable defenses. Trial counsel further stated that he considered filing a motion to suppress the transcript of the wiretap recordings but that he believed that the motion would not be successful and that the State might remove the offer of a 15-year sentence. Trial counsel stated that he discussed these options with the Petitioner and that the Petitioner chose to plead guilty. Additionally, the post-conviction court stated that trial counsel rendered sound and prudent advice throughout his representation of the Petitioner. Given the Petitioner's criminal history and the number of charges against the Petitioner in the instant case, we also believe that trial counsel rendered prudent advice. Accordingly, we conclude that the post-conviction court did not err in finding that the Petitioner failed to establish that trial counsel was deficient and that the Petitioner received the effective assistance of counsel.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE